## J. H. MORGAN v. W. C. MORGAN.

(Filed 4 October, 1911.)

1. **Executors and Administrators—Removal of Administrator—Adverse Interests.**

In proceedings by the heir at law to remove the administrator of the estate of the intestate, duly appointed, on the ground of an adverse interest, it appeared that intestate's estate consisted largely of lands, with but little personal property, and the adverse interest insisted upon was the claim of plaintiff that the administrator owned jointly with the estate certain mules, hogs, farming implements, etc., to which he was claiming the whole. There was no evidence of bad faith or fraudulent concealment, and the defendant had permitted an inspection and appraisement of the property by the plaintiff, had since held it intact, and had given a solvent and sufficient bond for plaintiff's protection: *Held*, there was no evidence of an adverse interest which would warrant the removal of the administrator. Revisal, sec. 38. (*Simpson v. Jones*, 82 N. C., 323, cited and distinguished.)

2. **Same—Judgment—Questions of Law—Appeal and Error.**

When the lower court rests its judgment as to the removal of an administrator for an interest adverse to the intestate's estate solely upon a question of law, it is reviewable on appeal.

APPEAL from NASH from judgment rendered by *Carter, J.,* at chambers, in Wilson, 15 May, 1911.

This is a proceeding under section 38, Revisal 1905, for the removal of defendant administrator, commenced by J. H. Morgan, a brother of the defendant and a distributee of the intestate. The Clerk of the Superior Court of Nash County denied the motion. Petitioner appealed. His Honor, *Judge Carter,* made this ruling: "It is therefore found as a fact by the court from the evidence that in respect of the ownership of said property the administrator has and asserts a personal interest adverse to that of the estate of his intestate, and the court is therefore of opinion, as matter of law, that the said W. G. Morgan is not a proper party to administer said estate, on account of his adverse personal interest as aforesaid." The defendant appealed.

*Finch & Vaughan and Jacob Battle for plaintiff.*
*E. B. Grantham for defendant.*

BROWN, J. As his Honor rests his judgment solely upon a matter of law, it is not denied that it is reviewable upon appeal.

The petitioner and the defendant are the only heirs at law and distributees of Patsy Morgan, deceased. The record discloses that Patsy M. Morgan owned a one-half undivided interest in a tract of land of about one hundred (100) acres and, as the defendant contends, only a very small amount of personal property.

The defendant is a man fifty years old who has never married. He and his sister, intestate, resided together after the death of their parents upon the old homestead, and their younger brother, J. H. Morgan, married when a young man and moved away.

Some weeks after this defendant qualified as administrator, and after the defendant had filed his inventory in the course of his said administration, the plaintiff raised the contention that certain personal property in the possession of this defendant belonged jointly to the late Patsy M. Morgan and to the defendant, W. G. Morgan.

The defendant denied that Patsy M. Morgan had any interest in the personal property in controversy, consisting of mules, hogs, farming implements, etc. The record shows that when this claim was made by the petitioner the defendant allowed the plaintiff to have an inspection and appraisal of all the property which the plaintiff contended belonged jointly to the said late Patsy M. Morgan and the defendant. The appraisal committee inspected, valued and took an itemized statement of all the property, and every portion of same has been held intact by the defendant and is still held by him.

It is admitted that the defendant has given a solvent bond amply sufficient to cover the full value of his intestate's estate, including the value of the property in dispute.

There are no findings of bad faith upon the part of the defendant, and we are of opinion that his Honor erred in his

conclusion that he was incompetent to act as administrator simply because a distributee claimed that the intestate owned a half interest in certain personal property in possession of the defendant.

The items and value of that property have been carefully ascertained and the evidence of it preserved. There is a good and sufficient bond to protect the petitioner, and upon a final settlement he will have opportunity to make good his claim, and charge the administrator with the intestate's share of the property in dispute, if he succeeds.

The defendant was properly appointed by the clerk as administrator in obedience to a statute which in many respects is mandatory and provides who is entitled to letters of administration in case of intestacy. The administrator cannot be removed solely because he has personal property in his possession in which it is claimed his intestate had a half interest, in the absence of any findings of bad faith and fraudulent concealment.

We think the learned judge below mistook the true purport of the case upon which he relied. *Simpson v. Jones,* 82 N. C., 323. In that case the administrator was removed because his fidelity and good faith were successfully challenged. He failed to make a defense to a suit brought against his intestate's estate, because he had a personal interest in the recovery, and the administrator alone could make such defense. The Court said: "The distributees are entitled to have an efficient defense to the action made in both answer and proofs, and it is apparent the defendant has not come up to his measure of official obligation." Page 325.

In the case at bar the distributee is at no disadvantage. He may contest the title to this property in dispute in a proceeding by himself against the defendant and his bond for a final accounting and settlement of the estate.

In the case of *In re Dixon, ante,* 26, we directed the removal of a guardian because he set up an unwarranted claim to his ward's real property and gave no account of its rents and profits. His ward is his own child, and helpless to assert her claim to the present income of her property against him.

It was manifest she needed some disinterested person to assert her rights for her.   The judgment of the judge of the Superior Court is reversed, and the judgment of the clerk affirmed.

Reversed.