IN RE: LAST WILL AND TESTAMENT OF J. B. TAYLOR, DECEASED

No. 7615SC795

(Filed 6 April 1977)

**Executors and Administrators § 5— administrator c.t.a. — removal by clerk improper**

Findings of fact by the superior court clerk were insufficient to support his conclusions that respondent acted in bad faith in carrying out his fiduciary duties as administrator, c.t.a., that he was guilty of misconduct in the execution of his office, and that he had a private interest that might hinder or be adverse to a proper administration of the estate.

APPEAL by petitioner from *McLelland, Judge.* Judgment entered 17 June 1976 in Superior Court, ORANGE County. Heard in the Court of Appeals 10 March 1977.

On 11 March 1976 Mary Taylor, widow of J. B. Taylor, filed a petition to have D. Wayne Taylor removed as administrator c.t.a. of the estate of J. B. Taylor. After a hearing the Clerk of Superior Court made the following pertinent findings of fact:

"4. That the Honorable Thomas D. Cooper, Jr. wrote a letter to Lucius M. Cheshire, dated February 3, 1976; that said letter was introduced into evidence without objection.

"5. That the aforesaid letter asserted that the widow, Mary R. Taylor, had supplied to the administrator a list of certain items of personal property at the J. B. Taylor home and that the list had not included many items; that among said items the letter set forth a breakfront secretary, ham-

mers, axes, and numerous other items as will be reflected by said letter.

"6. That D. Wayne Taylor, Administrator C.T.A., conferred with his attorney, Mr. Thomas D. Cooper, Jr., prior to the date of said letter and that said letter was written as a result of said conference.

"7. That D. Wayne Taylor, Administrator C.T.A., testified that he had been in the J. B. Taylor's homeplace on frequent occasions before the said J. B. Taylor's death and could not remember whether he had seen the breakfront secretary referred to in the February 3rd letter at the time of Mr. Taylor's death within six months prior to J. B. Taylor's death, or within one year prior to J. B. Taylor's death.

"8. That the February 3rd letter stated that the administrator would be required by law to charge Mary R. Taylor with waste for 'her refusal to allow some of the land to be rented.' That all of the evidence was to the effect that the only refusal on anyone's part to allow the rental of any of the J. B. Taylor farm or the allotments thereon was the refusal of D. Wayne Taylor, Administrator C.T.A., to allow the tobacco allotment to be rented for the crop year immediately after the death of J. B. Taylor and that the crop allotments have not been rented since said refusal by the Administrator, C.T.A.

"9. That the letter of February 3, 1976, stated that rent would be chargeable to Mary R. Taylor for her use of the land and house.

"10. That the letter further stated that 'we would contend that ALL eating utensils, including pots and pans and cutlery belonged to the estate.'

"11. That during the course of the inquiry conducted by the Court to determine what responsibility the Administrator C.T.A. had for the assertions contained in the letter of February 3, 1976, the Administrator C.T.A., through his counsel, pleaded the lawyer-client privilege and refused to answer questions directed toward discovering the extent, if any, the Administrator C.T.A. was responsible for the assertions contained in said letter.

"12. That the petitioner, Mary R. Taylor, and the Administrator C.T.A., D. Wayne Taylor, are tenants in common

of certain lands which belonged to J. B. Taylor, deceased, at the time of his death which had vested in said parties as the result of the death of J. B. Taylor, which lands are subject to a lien for such debts of the estate of J. B. Taylor, as the personalty of said estate is insufficient to pay, and that there are insufficient personal assets with which to pay the debts of the estate."

The clerk made the following conclusions of law:

"1. That there is evidence of bad faith on the part of the Administrator C.T.A. in carrying out his fiduciary duties.

"2. That the said D. Wayne Taylor, Administrator C.T.A. has been guilty of misconduct in the execution of his office other than acts specified in G.S. 28(a)-9-2.

"3. That D. Wayne Taylor, Administrator C.T.A., has a private interest that might tend to hinder or be adverse to a fair and proper administration of the estate."

From an order of the clerk removing him as administrator c.t.a., respondent appealed to the superior court. After reviewing the record the superior court judge concluded "[A]s a matter of law that the Findings of Fact, of the Clerk did not support his Conclusions of Law and that the action of the Clerk in removing the Administrator C.T.A. based thereon was error."

From the order of the court reversing the order of the clerk removing respondent as administrator c.t.a. and directing the clerk to issue such process as is necessary to compel the disclosure by petitioner to the administrator c.t.a. of information sufficient to compile an accurate inventory of the personal property of the deceased, petitioner appealed.

*Graham, Manning, Cheshire & Jackson by Lucius M. Cheshire for petitioner appellant.*

*Latham, Wood and Cooper by Thomas D. Cooper, Jr., and B. T. Wood for respondent appellee.*

HEDRICK, Judge.

G.S. 28A-9-1(a)(3) and (4) provide:

"*Revocation after hearing.*— (a) Grounds.—Letters testamentary, letters of administration, or letters of collection

may be revoked after hearing on any of the following grounds:

(3) The person to whom they were issued has violated a fiduciary duty through default or misconduct in the execution of his office, other than acts specified in G.S. 28A-9-2.

(4) The person to whom they were issued has a private interest, whether direct or indirect, that might tend to hinder or be adverse to a fair and proper administration. The relationship upon which the appointment was predicated shall not, in and of itself, constitute such an interest."

Petitioner's three assignments of error present the single question of whether the findings of fact made by the clerk support his conclusions that respondent acted in bad faith in carrying out his fiduciary duties as administrator, c.t.a., that he was guilty of misconduct in the execution of his office, and that he has a private interest that might hinder or be adverse to a proper administration of the estate.

While the letter described in the findings of fact might be characterized as harassing to the petitioner and over zealous on the part of respondent, we find nothing therein tending to show a violation of respondent's fiduciary duties as administrator, c.t.a.; therefore, all of the findings of fact made by the clerk with respect to the letter are irrelevant, and do not support the conclusions that respondent acted in bad faith in carrying out his fiduciary duties or was guilty of misconduct in the execution of his office. Nor does the finding that respondent and petitioner are tenants in common of certain real property of the estate which is liable for debts of the estate to the extent that the personal property is insufficient to pay such debts support the conclusion that respondent had a private interest that might tend to hinder or be adverse to a fair and proper administration of the estate. *Morgan v. Morgan,* 156 N.C. 169, 72 S.E. 206 (1911).

We hold that Judge McLelland did not err in declaring that the findings of fact made by the clerk do not support the conclusions of law drawn therefrom and in reversing the order of the clerk removing the respondent as administrator, c.t.a. of the estate of J. B. Taylor.

Affirmed.

Judges BRITT and CLARK concur.